AB:MWG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE MIDDLE DISTRICT OF PENNSYLVANIA |
| - against - | |
| TARIEK HENSON MITCHELL, | (Fed. R. Crim. P. 5) |
| Defendant. | No. 20-MJ-420 |

– – – – – – – – – – – – – – – – X

EASTERN DISTRICT OF NEW YORK, SS:

       CHRISTOPHER KOTTMEIER, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

       On or about May 28, 2020, the United States District Court for the Middle District of Pennsylvania issued an arrest warrant commanding the arrest of the defendant TARIEK HENSON MITCHELL in connection with an indictment charging the defendant with one count of conspiracy to distribute heroin, fentanyl and cocaine base, in violation of Title 21, United States Code, Section 846.

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      On or about May 28, 2020, the United States District Court for the Middle District of Pennsylvania issued an arrest warrant commanding the arrest of the defendant TARIEK HENSON MITCHELL in connection with an indictment charging the defendant with one count of conspiracy to distribute heroin, fentanyl and cocaine base, in violation of Title 21, United States Code, Section 846.  True and correct copies of the arrest warrant and the indictment are attached as Exhibit A and Exhibit B, respectively.

2.      On June 8, 2020, an individual claiming to be the defendant TARIEK HENSON MITCHELL's sister called the FBI and stated, in sum and substance, that the defendant wished to self-surrender to the FBI in Brooklyn, New York.  FBI agents arranged to meet the defendant and the defendant's sister outside the United States District Court for the Eastern District of New York in Brooklyn, New York.

3.      Later that day, the defendant TARIEK HENSON MITCHELL surrendered to FBI agents, including myself, outside the United States District Court for the Eastern District of New York in Brooklyn, New York.  The defendant presented a Pennsylvania identification card, which states that his name is "Tariek Henson Mitchell" and his date of birth, which matches the date of birth of the "Tariek Henson Mitchell" wanted in the Middle District of Pennsylvania.  In addition, I have reviewed a photograph of the "Tariek Henson Mitchell" wanted in the Middle District of Pennsylvania.  Based on that

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for removal, I have not described all the relevant facts and circumstances of which I am aware.

photograph and my observations of the defendant during his arrest and booking, I believe

that the defendant is the "Tariek Henson Mitchell" wanted in the Middle District of

Pennsylvania.

4. Based on the foregoing, I believe that the defendant TARIEK

HENSON MITCHELL is the "Tariek Henson Mitchell" wanted in the Middle District of

Pennsylvania.

WHEREFORE, your deponent respectfully requests that the defendant

TARIEK HENSON MITCHELL be removed to the Middle District of Pennsylvania so that

he may be dealt with according to law.

CHRISTOPHER KOTTMEIER
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
8th day of June, 2020

THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

## MIDDLE DISTRICT OF PENNSYLV

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| TARIEK HENSON MITCHELL | )   Case No.   3:20-CR-108 |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant* | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   TARIEK HENSON MITCHELL                                                                                    ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint

☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES;

Date:   05/29/2020

City and state:   Scranton, PA

PETER J. WELSH, CLERK OF COURT
*Issuing officer's signature*

s/ Christine Lavelle, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                             _____ <br> *Arresting officer's signature* |
| _____ <br> *Printed name and title* |

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

          v.                    : NO. 3:20-CR 20-108

                                :

TYSHEEN GOTT, a/k/a "LB"        :
DAMIEN JULMAL NAVARRO           :     (JUDGE          )
ROBERT THOMPSON, a/k/a          :
          "Jeffrey Parker"      :
JEAN ALMONOR, a/k/a             :
          "HOLLYWOOD"           :
AMANDA McPHILLIPS               :
ANTHONY QUAMAINE BROWN,         :
          a/k/a "BX"            :
TARIEK HENSON MITCHELL          :
JULIETTE GRAYSON                :
NICOLE ANN BOZEK                :
SUSAN MARIE KIMSEL              :
AISHA MARIA STEPHENS,           :
          Defendants.           :

FILED
WILLIAMSPORT
MAY 28 2020
PER _____
DEPUTY CLERK

## INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

### 21 U.S.C. § 846
### (Conspiracy to Distribute Controlled Substances)

From in or about 2013, the exact date being unknown to the

Grand Jury, to on or about the date of this Indictment, within the

Middle District of Pennsylvania, and elsewhere, the defendants,

TYSHEEN GOTT, a/k/a "LB"

DAMIEN JULMAL NAVARRO

ROBERT THOMPSON, a/k/a "Jeffrey Parker"

JEAN ALMONOR, a/k/a "Hollywood"

AMANDA McPHILLIPS

ANTHONY QUAMAINE BROWN, a/k/a "BX"

TARIEK HENSON MITCHELL

JULIETTE GRAYSON

NICOLE ANN BOZEK

SUSAN MARIE KIMSEL,

did knowingly, intentionally and unlawfully combine, conspire,

confederate and agree with each other and with persons known and

unknown to the Grand Jury, to commit offenses against the United

States, namely: to knowingly, intentionally and unlawfully distribute,

and possess with intent to distribute heroin, a Schedule I controlled

substance; an unspecified amount of fentanyl, a Schedule II controlled

substance; and an unspecified amount of cocaine base (crack), a

Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1)

and  841(b)(1)(A) and (b)(1)(B).

2

## QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

The amount of heroin involved in the conspiracy that is attributable to each of the defendants as a result of his or her own conduct, and the conduct of other co-conspirators reasonably foreseeable to him, is as follows:

1. **TYSHEEN GOTT, a/k/a "LB":** in excess of 1 kilogram of heroin.

2. **DAMIEN JULMAL NAVARRO:** in excess of 1 kilogram of heroin.

3. **ROBERT THOMPSON, a/k/a "Jeffrey Parker":** in excess of 1 kilogram of heroin.

4. **JEAN ALMONOR, a/k/a "Hollywood":** in excess of 100 grams of heroin.

5. **AMANDA McPHILLIPS:** in excess of 1 kilogram of heroin.

6. **ANTHONY QUAMAINE BROWN, a/k/a "BX":** in excess of 1 kilogram of heroin.

7. **TARIEK HENSON MITCHELL:** in excess of 1 kilogram of heroin.

8. **JULIETTE GRAYSON:** in excess of 1 kilogram of heroin.

9.  **NICOLE ANN BOZEK:** in excess of 1 kilogram of heroin.

10.  **SUSAN MARIE KIMSEL:** in excess of 100 grams of heroin.

Before ROBERT THOMPSON, a/k/a "Jeffrey Parker" committed the offense charged in this count, ROBERT THOMPSON, a/k/a "Jeffrey Parker" had a final conviction for a serious drug felony, namely, a conviction under NJ Statute 2C:35-5, Manufacture, Distribution, Dispensing Controlled Substances (Case No.: 11008200), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before JEAN ALMONOR, a/k/a "Hollywood" committed the offense charged in this count, JEAN ALMONOR, a/k/a "Hollywood" had a final conviction for a serious drug felony, namely, a conviction under 35 Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Controlled Substances (No. CP-40-CR-4093-2014), for which he served more than 12 months of imprisonment and for which he was released from serving any term of

4

imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before ANTHONY QUAMAINE BROWN, a/k/a "BX" committed the offense charged in this count, ANTHONY QUAMAINE BROWN, a/k/a "BX" had a final conviction for a serious drug felony, namely, a conviction under 35 Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Controlled Substances (No. CP-35-CR-31-2013), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objectives of the conspiracy included, among others, the following:

1.    When the controlled substances were obtained in the Middle District of Pennsylvania, the defendants and/or their co-conspirators

distributed the controlled substances to others in return for money and other valuable consideration.

2.     The defendants and their co-conspirators used cellular telephones to maintain contact with one another and with their customers.

3.     The defendants and their co-conspirators established and utilized drug distribution locations, including residences in the Luzerne County, Pennsylvania area, for the purpose of the storage and distribution of controlled substances.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), and 841(b)(1)(B)(i).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about April 10, 2019, in Luzerne County, Pennsylvania,

within the Middle District of Pennsylvania, the defendants,

**TYSHEEN GOTT, a/k/a "LB"**
**and**
**DAMIEN JULMAL NAVARRO,**

aiding and abetting each other, did knowingly, intentionally and

unlawfully possess with intent to distribute, and did distribute, fentanyl, a

Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about May 1, 2019, in Luzerne County, Pennsylvania,

within the Middle District of Pennsylvania, the defendants,

**TYSHEEN GOTT, a/k/a "LB"**
**and**
**DAMIEN JULMAL NAVARRO,**

aiding and abetting each other, did knowingly, intentionally and

unlawfully possess with intent to distribute, and did distribute, fentanyl, a

Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and Title 18, United States Code, Section 2.

8

THE GRAND JURY FURTHER CHARGES:

## COUNT 4

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about May 1, 2019, in Luzerne County, Pennsylvania,

within the Middle District of Pennsylvania, the defendants,

**TYSHEEN GOTT, a/k/a "LB"**
**and**
**DAMIEN JULMAL NAVARRO,**

aiding and abetting each other, did knowingly, intentionally and

unlawfully possess with intent to distribute, and did distribute, cocaine

base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and Title 18, United States Code, Section 2.

9

THE GRAND JURY FURTHER CHARGES:

## COUNT 5

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about September 30, 2019, in Luzerne County,

Pennsylvania, within the Middle District of Pennsylvania, the

defendants,

**TYSHEEN GOTT, a/k/a "LB"**
**and**
**DAMIEN JULMAL NAVARRO,**

aiding and abetting each other, did knowingly, intentionally and

unlawfully possess with intent to distribute, and did distribute, heroin,

a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and Title 18, United States Code, Section 2.

10

THE GRAND JURY FURTHER CHARGES:

## COUNT 6

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about October 28, 2019, in Luzerne County, Pennsylvania,

within the Middle District of Pennsylvania, the defendant,

## TYSHEEN GOTT, a/k/a "LB",

did knowingly, intentionally and unlawfully possess with intent to

distribute, and did distribute, heroin, a Schedule I controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 7

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about January 14, 2020, in Luzerne County, Pennsylvania,

within the Middle District of Pennsylvania, the defendants,

**TYSHEEN GOTT, a/k/a "LB"**
**and**
**DAMIEN JULMAL NAVARRO,**

aiding and abetting each other, did knowingly, intentionally and

unlawfully possess with intent to distribute, and did distribute, heroin,

a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and Title 18, United States Code, Section 2.

12

THE GRAND JURY FURTHER CHARGES:

## COUNT 8

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about February 20, 2020, in Luzerne County,

Pennsylvania, within the Middle District of Pennsylvania, the

defendant,

### TYSHEEN GOTT, a/k/a "LB",

did knowingly, intentionally and unlawfully possess with intent to

distribute, and did distribute, heroin, a Schedule I controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C).

13

THE GRAND JURY FURTHER CHARGES:

## COUNT 9

### 21 U.S.C. § 841(a)(1)
### (Distribution of a Controlled Substance)

On or about March 5, 2020, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**TYSHEEN GOTT, a/k/a "LB",**

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute, heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 10

### 21 U.S.C. § 856(a)(1)
### (Maintaining Drug-Involved Premises)

From in or about February 2020, the exact date being unknown to the Grand Jury, to on or about the date of this Indictment, within the Middle District of Pennsylvania, the defendant,

## JULIETTE GRAYSON,

being aided and abetted by others, did knowingly and unlawfully open, lease, rent, use, or maintain a place, whether permanently or temporarily, located at 27 East Walnut Street, Plymouth, Luzerne County, Pennsylvania, for the purpose of unlawfully manufacturing, storing, distributing, or using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

15

THE GRAND JURY FURTHER CHARGES:

## COUNT 11

### 21 U.S.C. § 856(a)(1)
### (Maintaining Drug-Involved Premises)

From in or about February 2020, the exact date being unknown to the Grand Jury, to on or about the date of this Indictment, within the Middle District of Pennsylvania, the defendants,

**AMANDA McPHILLIPS**
**and**
**ANTHONY QUAMAINE BROWN, a/k/a "BX",**

aiding and abetting each other, and aided and abetted by others, did knowingly and unlawfully open, lease, rent, use, or maintain a place, whether permanently or temporarily, located at 956 Johler Avenue, Scranton, Lackawanna County, Pennsylvania, for the purpose of unlawfully manufacturing, storing, distributing, or using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

16

THE GRAND JURY FURTHER CHARGES:

## COUNT 12

### 21 U.S.C. § 856(a)(1)
### (Maintaining Drug-Involved Premises)

From in or about February 2020, the exact date being unknown to the Grand Jury, to on or about the date of this Indictment, within the Middle District of Pennsylvania, the defendant,

### AISHA MARIA STEPHENS,

being aided and abetted by others, did knowingly and unlawfully open, lease, rent, use, or maintain a place, whether permanently or temporarily, located at 71 Hutson Street, Wilkes-Barre, Luzerne County, Pennsylvania, for the purpose of unlawfully manufacturing, storing, distributing, or using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

17

## FORFEITURE ALLEGATION

**THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:**

1.      The allegations contained in Counts 1 through 12 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.      Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), or 846, the defendants,

**TYSHEEN GOTT, a/k/a "LB"**

**DAMIEN JULMAL NAVARRO**

**ROBERT THOMPSON, a/k/a "Jeffrey Parker"**

**JEAN ALMONOR, a/k/a "Hollywood"**

**AMANDA McPHILLIPS**

**ANTHONY QUAMAINE BROWN, a/k/a "BX"**

**TARIEK HENSON MITCHELL**

**JULIETTE GRAYSON**

**NICOLE ANN BOZEK**

**SUSAN MARIE KIMSEL**

**AISHA MARIA STEPHENS,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

If any of the property described above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

19

A TRUE BILL

5-28-20

_____
DATE

FOREPERSON

DAVID J. FREED
United States Attorney

5/28/20

_____
DATE

MICHELLE OLSHEFSKI
ASSISTANT U.S. ATTORNEY

20